## Frederick v. Pennsylvania Railroad Company.

*Negligence — Railroads — Automobiles — Passenger in automobile — Presumption as to care—Signals—Speed—Conflicting testimony—Case for jury.*

1. In an action against a railroad company for the death of a person at a crossing while riding in an automobile, where it appears that the deceased was riding alone with the driver, who was also killed, and there is nothing to show whether the deceased was an employee, a paying passenger or a guest, and there is also nothing to show what he did or said at the time of the collision, the presumption is that he did what he ought to have done as to warning the driver, and he cannot be charged as a matter of law with contributory negligence.

2. Where the testimony of a number of witnesses on both sides is conflicting as to speed at a crossing and as to whether signals were given or not, the case is for the jury.

Rule for judgment for defendant *non obstante veredicto*. C. P. Union Co., Sept. T., 1923, No. 94.

*A. W. Johnson* and *L. F. Lybarger*, for plaintiff.

*Andrew A. Leiser* and *Andrew A. Leiser, Jr.*, for defendant.

POTTER, P. J., Sept. 15, 1924.—This is an action of trespass brought by the plaintiff against the defendant for the recovery of damages for the death of her husband, caused, as she alleges, by the negligence of the defendant. The deceased husband of the plaintiff, with his brother and his two sons, owned and operated an automobile garage in Mifflinburg, Union County, Penna.

Frederick v. Pennsylvania Railroad Company.

On the morning of May 26, 1923, Dr. O. K. Pellman and Mr. Frank Frederick, the deceased husband of the plaintiff, entered the automobile of Dr. Pellman, he doing the driving, drove across the tracks of the Pennsylvania Railroad Company at 8th Street, in Mifflinburg, went some distance out of town and returned by the same route. When they were crossing the railroad tracks at the 8th Street crossing, they were struck by the morning passenger train, running between Bellefonte and Sunbury. The automobile was wrecked and the occupants of it, namely, Dr. Pellman and Mr. Frederick, were instantly killed. Gertrude M. Frederick, the widow of Frank Frederick, deceased, then brought suit, the case was duly tried at May Term, 1923, when the jury returned a verdict for the plaintiff of $1200. A motion was then made for judgment non obstante veredicto, which we now have before us.

It is undisputed that Dr. Pellman was driving the automobile, as well as that he did not stop, nor look nor listen upon approaching the 8th Street crossing, but drove directly on the tracks. There can be no doubt whatever that had he stopped and looked, or had even looked, he would have seen the train approaching, and this sad accident would not have occurred.

Just in what capacity Frederick accompanied Pellman, whether as an employee or as a guest, we cannot say. No person except these two did know, and, as death has sealed their lips, we have no positive source of information relative to this question. It is contended by the defence that Frederick went with Pellman to assist in detecting some defect in the operation of the car, but of this we have no positive proof, and to say that he did, at best, would be a matter of presumption.

The contention of the plaintiff during the trial is that as Frederick was not driving, the machine being driven and operated wholly by Pellman, contributory negligence cannot be imputed to Frederick, that the law presumes him to have done what he should have done, namely, to warn Pellman of their approach to the crossing, and to take the proper steps to at least try to insure their safety.

The defence takes the position that both Pellman and Frederick are equally guilty of contributory negligence, that both are equally responsible for the accident, and, therefore, that the plaintiff cannot recover, and, having recovered a verdict, it should be set aside and judgment non obstante veredicto be entered.

Of course, if Frederick in the least contributed to his death, his wife, the plaintiff in this suit, could not recover; but did he? These two were alone in the car. No one knows what was said or done by Frederick. For all we know, he may have done all he could to induce the driver to take steps to insure their safety. The law presumes that he did. There is no one who can say he did not. It was said at the argument, as well as at the trial, that if Frederick called the attention of the driver to their close proximity to the railroad or to the approach of the train, and Pellman, disregarding the admonition of Frederick, drove upon the tracks in front of the approaching train, he would have committed suicide, and would thus be guilty of manslaughter in the death of Frederick. This is rather a strong statement. No one would for a moment presume that Pellman drove on those tracks with a view of injuring either himself or Frederick, but there may be a possibility that when he did realize their danger he made a last desperate attempt to get across and failed. Or he may not have realized that the train was as close upon them as it really was, and he may have thought he could get across safely. However this may be, we are not trying his case. The legal presumption is that Frederick did

Frederick v. Pennsylvania Railroad Company.

what he ought to have done, and no one can say he did not. Therefore, we cannot find him guilty of contributory negligence. This question was left to the jury, and they have found him in this respect not to blame, and we think rightly so. Therefore, so far as this proposition is concerned, the verdict must stand.

In the case of Longenecker v. Pennsylvania R. R. Co., 105 Pa. 328, we have the following: "If the plaintiff's own evidence discloses contributory negligence, there can be no recovery; but if it does not, the burden is upon the defendant to disprove care, and in such case the question is for the jury. Upon a state of facts, admitted or proved by direct and undisputed testimony, the court may pronounce the law applicable thereto; but when alleged facts are the subject of inference from other facts and circumstances shown by the evidence, it is the exclusive province of the jury to consider the testimony and ascertain the facts under proper instructions from the court." Under this dictum, it was the duty of the court to submit this question to the jury. We did so, and they have settled it.

The plaintiff contended that the defendant company did not give sufficient and timely warning of the approach of the train, and that the train was running at an undue and high rate of speed as it approached the scene of this sad accident.

The scene of this accident, the 8th Street crossing, in Mifflinburg, cannot be said to be in the open country. It is in the town of Mifflinburg, and this crossing is used by many persons, both driving and walking. The road, or street rather, on which this crossing is located is a main thoroughfare, by means of which the people living in the country north of Mifflinburg have entrance to that town. While it is true that in the operation of its trains in the open country and in the rural districts and in sparsely settled communities there is no speed limit fixed, yet so it is that in towns or villages or thickly-settled communities a railroad is held to a far greater degree of care in the manner of giving warning to travelers of the approach of its trains and in the rate of speed in which they are operated.

We have testimony in this case that the proper warning was not given. Some witnesses saying that no whistle was sounded nor bell rung at the proper place from this crossing. Other witnesses say the proper warning was given by both bell and whistle. Some say no whistle was sounded at the whistling post, while others say there was. Some witnesses say the train approached this crossing at a speed of thirty-five miles per hour, one witness fixing the speed at fifty miles an hour. Others say the speed was fifteen, eighteen and twenty-three miles per hour. Here is a diversity of testimony which clearly must be left to the jury. Under these differences of testimony, the court must necessarily leave the questions of proper warning and speed to the jury. Here is a fact to be found from the variation in the testimony which only a jury can determine. Which is correct? Was proper warning at the proper place given of the approach of this train, or was it not? Was the train running at an undue rate of speed, or was it not? With a conflict in the evidence offered on these two questions, the court can do nothing else than to submit to the jury both these queries. We have done this and they have answered both of them in the affirmative, and we think their answer should stand. We do not think we have any authority to disturb their verdict.

And now, to wit, Sept. 15, 1924, the rule for judgment non obstante veredicto is discharged, and it is directed that judgment be entered on the verdict upon the fulfillment of the usual legal requirements.

From Charles P. Ulrich, Selinsgrove, Pa.